**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 19-10075-01-EFM** |
| | ) | |
| **LARRY WAYNE BLASER,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**UNITED STATES' MOTION FOR CLARIFICATION AND RECONSIDERATION OF MAGISTRATE JUDGE'S ORDER SETTING CONDITIONS OF RELEASE (DOC. 8)**

The United States moves the Court for clarification and reconsideration of its Order setting conditions of release, pursuant to Local Rule 7.3.

On April 23, 2019, a Grand Jury returned an indictment for Larry Blaser, charging him with three counts of Transportation of Child Pornography, violations of 18 U.S.C. §2252A(a)(1) and one count of Possession of Child Pornography, a violation of 18 USC 2252A(a(5)(B). On May 1, 2019, the defendant made his initial appearance before United States Magistrate Judge Gwynne Birzer. Though detention was authorized, the United States agreed to the defendant's release on conditions, to include the conditions of electronic monitoring and curfew, as required under § 216 of the Adam Walsh Child Protection and Safety Act of 2006, Pub.L. 109–248, 120 Stat. 587 (2006) (Adam Walsh Act), codified at 18 U.S.C. § 3142(c)(1)(B).

The Court announced its intention to not impose the electronic monitoring nor curfew conditions.  The Court advised its reason for not imposing the conditions is that it was familiar with cases suggesting that these mandatory conditions are a violation of a defendant's rights.  The Court further advised that it was aware of cases that had recently come down in this district where

the Court had taken a position that these mandatory conditions are violations of certain constitutional rights.

Given that this determination was made *sua sponte*, the United States seeks clarification and reconsideration of the Order on multiple grounds.

First, the United States seeks clarification of the Court's authority to declare a statute, or provisions of a statute, unconstitutional. "Federal magistrate judges are creatures of statute, and so is their jurisdiction." *First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *NLRB v. A–Plus Roofing, Inc.*, 39 F.3d 1410, 1415 (9th Cir.1994)). Unlike district judges, magistrate judges are not Article III judicial officers, and they have only the jurisdiction or authority granted to them by Congress, which is set out in 28 U.S.C. § 636. See *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461 (10th Cir.1988). While §636(a)(2) authorizes a magistrate judge to issue an order concerning release or detention pursuant to 18 U.S.C. §3142, section 636 does not provide authority for a magistrate judge to declare a Congressional enactment unconstitutional. Subsection (b) of 28 U.S.C. §636 also proscribes authority for magistrate judges in relation to several types of motions, including motions for injunctive relief. See 28 U.S.C. §636(b)(1)(A). A motion to declare a statute unconstitutional is, in substance, a motion for injunctive relief. See, e.g., *Ezell v. City of Chicago*, 651 F.3d 684, 698 (7th Cir. 2011) ("In a facial challenge like this one, the claimed constitutional violation inheres in the terms of the statute, not its application. The remedy is necessarily directed at the statute itself *and must be injunctive* and declaratory; a successful facial attack means the statute is wholly invalid and cannot be applied to anyone.")(emphasis added). Under Tenth Circuit law, even "motions not designated on their face as one of those excepted in subsection (A) are nevertheless to be treated as such a motion when they have an identical effect." *Ocelot Oil Corp.*, 847 F.2d at 1462 (explaining that magistrate

judge's order striking pleadings as a discovery sanction had the effect of an involuntary dismissal, rendering it "beyond the power of a magistrate to order" and subject to de novo review); 12 Charles A. Wright et al., Federal Practice & Procedure § 3068.2 (2d ed. 2018) (explaining that Tenth Circuit has adopted a "textured approach [that] permits a more sensible determination when de novo review should be required than does a jurisprudence of labels"). While the Court's *sua sponte* motion may not have been labeled as a motion for injunctive relief, the Court's announcement declared that the statute was facially unconstitutional, i.e., an order for injunctive relief. As noted above, a motion for injunctive relief is the type of thing for which a magistrate judge does not have authority:

> "Notwithstanding any provision of law to the contrary-- (A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, *except a motion for injunctive relief*…"

See 28 USC 636(b)(1)(A) (emphasis added); see also Local Rule 72.1.1(d)(1).

Similarly, given the effect of rendering a statute invalid, a motion seeking determination of facial unconstitutionality embraces a dispositive issue, and it makes sense to treat it as a dispositive motion for which Article III judges bear responsibility. 12 Charles A. Wright et. al., Federal Practice and Procedure § 3068.2 (2nd Ed. 2018) ("Motions thought 'dispositive' of the action warrant particularized objection procedures and a higher standard of review because 'of the possible constitutional objection that only an article III judge may ultimately determine the litigation.'"). "While magistrates may hear dispositive motions, they may only make proposed findings of fact and recommendations, and district courts must make de novo determinations as to those matters if a party objects to the magistrate's recommendations." *First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000). From the foregoing, it would appear that this Court's

determination that 18 U.S.C. §3142(c)(1)(B) violated constitutional rights (i.e., that the statute is unconstitutional) exceeded the statutory authority for magistrate judges.

As a second point of clarification, the United States requests the Court identify what constitutional provisions are violated by the statute, and its authority for so holding. The United States is aware of many cases in which district courts or circuit courts have rejected various constitutional claims relating to the electronic monitoring and curfew provisions. *United States v. Kennedy*, 327 F. App'x 706, 707 (9th Cir. May 6, 2009); *United States v. Cossey*, 637 F. Supp. 2d 881 (D. Mont. July 27, 2009); *United States v. Crites*, No. 8:09CR262, 2009 WL 2982782, at *2 (D. Neb. Sept. 11, 2009); *United States v. Stephens*, 594 F.3d 1033 (8th Cir. 2010); *United States v. Peeples*, 630 F.3d 1136 (9th Cir. 2010); *United States v. Rondeau*, No. CR 10-147-S, 2010 WL 5253847, at *1 (D.R.I. Dec. 16, 2010); *United States v. Campbell*, 309 F. Supp. 3d 738 (D.S.D. 2018). While this Court referred to recent cases (plural) within this district, the only recent case to address the constitutionality of the electronic monitoring and curfew provisions is *United States v. Rogers*, No. 6:18-CR-10018-EFM, which is currently on appeal to District Judge Eric F. Melgren. The United States is aware of a case from roughly 10 years ago, *United States v. Vujnovich*, 2008 WL 687203, at *3 (D. Kan. Mar. 11, 2008), in which District Judge Carlos Murguia determined the conditions violated procedural due process. However, the *Vujnovich* opinion predated the 9th Circuit (*Kennedy* and *Peeples)* and 8th Circuit (*Stephens*) opinions. In fact, the 2010 *Stephens* opinion overturned four 2009 cases in which different magistrate judges relied on the 2008 *Vujnovich* opinion. See *United States v. Merritt*, 612 F.Supp.2d 1074 (D. Neb. March 20, 2009); *United States v. Rueb*, 612 F.Supp.2d 1068 (D. Neb. March 20, 2009); *United States v. Smedley*, 611 F.Supp.2d 971 (E.D. Mo. April 22, 2009); *United States v. Stephens*, 2009 WL 3568668 (N.D. Iowa October 27, 2009). Importantly, while two circuits have determined the Adam Walsh

provisions are constitutional, no circuits have found electronic monitoring or curfew to be unconstitutional.

While not addressing the constitutional question, the 10th Circuit has opined that electronic monitoring and curfew are proper conditions of pretrial release. See *United States v. Deppish*, 554 F. App'x 753 (10th Cir. 2014). In so doing, the Tenth Circuit observed:

> Protecting children from the immediate and long-term harm caused by such exploitative conduct is an important interest, and § 3142(g)(1) specifically singles out offenses involving minors for particular consideration in imposing conditions on (or denying) release. Protective measures are clearly warranted to ensure Mr. Deppish does not have an opportunity for inappropriate contact with children while he awaits trial. That goal is the focus of another, more pointed release condition with which Mr. Deppish does not take issue, i.e., that he have no contact with minors in the absence of adult supervision. But that release condition does not obviate or mitigate the need for the curfew and electronic monitoring conditions; on the contrary, the latter practical measures work together to effectuate and enforce the former, by removing opportunities for undetected prohibited contact. And they do so while permitting Mr. Deppish to live at home and come and go freely outside curfew hours. Under the circumstances, these conditions serve an important community-safety interest while satisfying the least-restrictive-means requirement.

554 F. App'x at 755. In the present case, the Court had no qualms with ordering "no contact with minors without direct supervision of a responsible adult" and imposed that condition. See Doc. 8, p. 2. As the *Deppish* opinion noted, electronic monitoring and curfew "work together to effectuate and enforce the former, by removing opportunities for undetected prohibited contact." 554 F. App'x at 755.  Likewise, in another opinion discussing the purpose and value of electronic monitoring, District Judge Kornmann of District of South Dakota observed:

> Electronic monitoring to "police" the defendant's compliance with a curfew is not a substantive restriction on the defendant's movement but is merely a technological method of ensuring compliance. It is less intrusive than requiring the defendant to call in from a home telephone number several times a day to monitor compliance or to admit a pre-trial services officer into the home at unannounced times to monitor compliance.

*United States v. Campbell*, 309 F. Supp. 3d 738, 750 (D.S.D. 2018). The imposition of curfew and electronic monitoring conditions closely align enforcement of the "no contact with minors" condition, which this Court imposed.

Given the considerable authority indicating that Adam Walsh conditions of electronic monitoring and curfew are both constitutional and proper, the United States seeks clarification of the Court's determination for the foregoing reasons. Alternatively, the United States asks the Court reconsider its order and impose the conditions of electronic monitoring and curfew, particularly where no objection to the conditions was made by the defendant as part of his release.

Respectfully submitted,

STEPHEN R. McALLISTER
United States Attorney

s/Jason W. Hart
JASON W. HART
Ks. S.Ct. No. 20276
Assistant United States Attorney
District of Kansas
301 N. Main, Suite 1200
Wichita, Kansas 67202
(316) 269-6481
Jason.Hart2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all parties.

s/Jason W. Hart
JASON W. HART
Assistant United States Attorney