**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

UNITED STATES OF AMERICA,    )
    )
       Plaintiff,    )
    )
   vs.    )
    )    Case No. 19-10075-01-EFM
LARRY WAYNE BLASER,    )
    )
      Defendant.    )
_____)

## MEMORANDUM AND ORDER

This matter is before the Court on United States' Motion for Clarification and Reconsideration of Magistrate Judge's Order Setting Conditions of Release (**ECF No. 11**) and Defendant's Response (ECF No. 18). After careful consideration, the Court **GRANTS** the United States' request for clarification, but **DENIES** the request for reconsideration.

**I.      Background**

On April 23, 2019, the Defendant was indicted on three counts of transportation of child pornography, using Microsoft's Bing Image search engine, in violation of 18 U.S.C. § 2252A(a)(1) and one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2).[1] These offenses are alleged to have occurred in May, October, and November of 2018 and January of 2019.[2]

_____

[1] ECF No. 1.
[2] *Id.*

1

On May 1, 2019, Defendant made his initial appearance before the undersigned Magistrate Judge.[3]  After the initial appearance, the undersigned conducted a detention hearing pursuant to 18 U.S.C. § 3142 (referred to herein as "§ 3142"), and ordered the Defendant released on bond.[4]  As will be relevant here, the undersigned also ordered Defendant to abide by the following additional conditions of release:  (1) no travel outside the District of Kansas or Western District of Oklahoma without permission of the Court or U.S. Probation Office; (2) no contact with any minors without direct supervision of a responsible adult; (3) no possession of any form of pornographic material; and (4) submit to computer monitoring by the Probation Office and follow the Probation Office's policies restricting/prohibiting computer, cell phone and internet usage.[5]

The undersigned declined to order conditions of electronic monitoring and curfew as requested by the United States.[6]  These conditions became mandatory under § 3142(c)(1)(B) for individuals charged with certain child pornography offenses[7] when the Adam Walsh Child Protection and Safety Act ("Adam Walsh Act")[8] was enacted in 2006. But, based on previous caselaw from this District and the factual situation presented to the Court, the undersigned found mandatory imposition of these conditions unconstitutional

---

[3] ECF No. 7.
[4] *Id.*
[5] ECF No. 8, pp. 2, 4.
[6] Transcript of May 1, 2019 hearing, p. 11:11-15 (ECF No. 12).
[7] These conditions are imposed by the last, undesignated paragraph of § 3142(c)(1)(B).
[8] Pub.L. 109–248, 120 Stat. 587 (2006).

and unnecessary as applied to Defendant.[9]  The United States takes issue with the Court's authority to make this finding.

## II.     Adam Walsh Act Amendments to 18 U.S.C. § 3142

The release or detention of a defendant pending trial is governed by § 3142.  If a defendant is not detained pending trial, he must be released on personal recognizance or on an unsecured bond unless the court determines these conditions are insufficient.[10]  In that event, the court is obligated to fashion a bail package consisting of the "least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community."[11]  The statue then provides a list of optional conditions at § 3142(c)(1)(B).[12]

As stated above, Congress enacted the Adam Walsh Act in 2006.  That Act, among other things, amended § 3142(c)(1)(B) to mandate specific conditions for the release of persons charged with certain crimes involving minors, such as the child pornography offenses at issue here (referred to herein as the "Adam Walsh Amendments").[13]  Thus, under the Adam Walsh Amendments, "[i]n any case that involves a minor victim under section . . . of this title, any release order **shall contain, at a minimum**, a condition of electronic monitoring" and, as is relevant here, the condition that the defendant "comply

---

[9] Transcript of May 1, 2019 hearing, p. 6:21-p.7:5; p. 7:15-25; p.11:11-15 (ECF No. 12).
[10] 18 U.S.C. § 3142(b).
[11] 18 U.S.C. § 3142(c)(1)(B).
[12] 18 U.S.C. § 3142(c)(1)(B)(i)-(xiv).
[13] *See* Adam Walsh Child Protection and Safety Act of 2006, Pub.L. 109–248, § 216, 120 Stat. 587 (2006).

with a specified curfew."[14]  Here, as explained above, the United States takes issue with the Court's declination to impose these mandatory electronic monitoring and curfew conditions, and in particular, its authority to determine whether a statute, or certain provisions of a statute, is unconstitutional.

### III. United States' Motion for Clarification and Reconsideration of Magistrate Judge's Order Setting Conditions of Release (ECF No. 11).

#### A. Requests for Clarification

In its Motion, the United States seeks clarification regarding (1) the "Court's authority to declare a statute, or provisions of a statue, unconstitutional;"[15] and (2) the identity of "what constitutional provisions are violated by the statute, and [the Court's] authority for so holding."[16]  Each will be addressed in turn below.

#### 1. Court's Authority

The United States questions the undersigned's authority to opine the Adam Walsh Amendments to § 3142, which, as explained above, mandates specific release conditions for persons charged with certain crimes involving minors, is unconstitutional.  As the United States correctly points out, federal magistrate judges, unlike federal district judges,

---

[14] 18 U.S.C. § 3142(c)(1)(B) (last/undesignated paragraph) (emphasis added).  The other mandatory conditions, which are not at issue here, are:  (1) abide by specified restrictions on personal associations, place of abode, or travel; (2) avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense; (iii) report on a regular basis to a designated law enforcement agency, pretrial services agency, or other agency; and  (iv) refrain from possessing a firearm, destructive device, or other dangerous weapon.
[15] ECF No. 11, p. 2.
[16] *Id.* at p. 4.

are creatures of statute.[17]  Thus, magistrate judges only have the jurisdiction and authority

granted to them by Congress, which is set out in 28 U.S.C. § 636.[18]

Section (a)(2) of 28 U.S.C. § 636 specifically gives magistrate judges jurisdiction

and authority to "issue orders pursuant to section 3142 of title 18 concerning release or

detention of persons pending trial."  Thus, the undersigned's jurisdiction and authority to

opine certain provisions of § 3142 are unconstitutional in issuing her order concerning

release of Defendant pending trial comes directly from 28 U.S.C. § 636(a)(2).  This is borne

out by cases in this District, and across the country, where numerous magistrate judges

have thoroughly analyzed the issue and found the Adam Walsh Amendments

unconstitutional.[19]  While the magistrate judges' findings of unconstitutionality have been

questioned on appeal, their authority to so opine has not been.[20]

---

[17] *See First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000).

[18] *Id.*

[19] *See, e.g., United States v. Rogers*, Case No. 18-10018-01-EFM, ECF No. 80 (D. Kan. April 5, 2019) (Gale, U.S. Magistrate Judge); *United States v. Deppish*, Case No. 13-40070-01-JAR, ECF No. 35 (D. Kan. Dec. 5, 2013) (Sebelius, U.S. Magistrate Judge); *United States v. Vujnovich*, 2007 WL 4125901 (D. Kan. 2007) (Waxse, U.S. Magistrate Judge);*United States v. Crowell*, 2006 WL 3541736 (W.D.N.Y. 2006) (Forschio, U.S. Magistrate Judge); *United States v. Arzberger*, 592 F.Supp.2d 590 (S.D.N.Y. 2008) (Francis, U.S. Magistrate Judge); *United States v. Merritt*, 612 F.Supp.2d 1074 (D. Neb. 2009) (Piester, U.S. Magistrate Judge); *United States v. Smedley*, 611 F.Supp.2d 971 (E.D. Mo. 2009) (Noce, U.S. Magistrate Judge); *United States v. Rueb*, 612 F.Supp.2d 1068 (D. Neb. 2009) (Piester, U.S. Magistrate Judge), *United States v. Stephens*, 2009 WL 3568668 (N.D. Iowa 2009) (Zoss, Chief U.S. Magistrate Judge); *United States v. Karper*, 847 F.Supp.2d 350 (N.D.N.Y. 2011) (Treece, U.S. Magistrate Judge).

[20] *See United States v. Vujnovich*, No. 07-20126-01-CM-DJW, 2008 WL 687203 (D. Kan. Mar. 11, 2008) (district judge affirming finding of unconstitutionality, but magistrate judge's authority not questioned); *United States v. Torres*, 566 F.Supp.2d 591 (W.D. Tex. 2008) (same); *see also United States v. Kennedy*, 327 F. App'x 706 (9th Cir. 2009) (magistrate judge's authority not questioned on appeal); *United States v. Stephens*, 594 F.3d 1033 (8th Cir. 2010) (same).

The United States also argues the undersigned's ruling is comparable to granting a motion for injunctive relief, which per 28 U.S.C. § 636(b)(1)(A), is an issue reserved for district judges. This argument lacks merit. As explained above, the undersigned's jurisdiction and authority to find the Adam Walsh Amendments unconstitutional comes directly from 28 U.S.C. § 636(a)(2), which allows magistrate judges to rule on § 3142 release issues. The authority does not come from 28 U.S.C. § 636(b)(1)(A), which, as the United States correctly points out, does normally restrict a magistrate judge from ruling on motions for injunctive relief.[21]

For the same reason, the United States' argument the undersigned's order is akin to ruling on a dispositive issue must also be disregarded. This Court, with full knowledge of its authority, is well aware magistrate judges, pursuant to 28 U.S.C. § 636(b)(1), generally do not decide issues which could dispose, partially or entirely, of the case.[22] The United States does not explain how the Court's order releasing Defendant on certain conditions pending trial is dispositive. And, the Court sees nothing case dispositive about its release order, particularly where the Court issued the least restrictive conditions based on the facts presented to it. As stated above, the undersigned's authority to issue release orders comes directly from 28 U.S.C. § 636(a)(2), and not from 28 U.S.C. § 636(b)(1), which dictates what matters magistrate judges cannot rule on without a referral from the district judge.

---

[21] However, pursuant to 28 U.S.C. § 636(b)(1)(B), (C), a magistrate judge, upon referral from a district judge, may make proposed findings of fact and recommendations for the district judge's do novo review regarding motions for injunctive relief.

[22] However, pursuant to 28 U.S.C. § 636(b)(1)(B), (C), a magistrate judge, upon referral from a district judge, may make proposed findings of fact and recommendations for the district judge's do novo review regarding dispositive motions.

In conclusion, because 28 U.S.C. § 636(a)(2) is the authority which gives magistrate judges jurisdiction over § 3142 release and detention issues, the undersigned has authority to opine that provisions of § 3142 relating to mandatory release conditions are unconstitutional.[23]

## 2. Constitutional Provisions and Authority

As a second point of clarification, the United States asks the Court to identify what constitutional provisions are violated by the Adam Walsh Amendments, and its authority for so holding. During the May 1, 2019 hearing, the Court referenced case law in this District finding mandatory imposition of curfew and electronic monitoring unconstitutional.[24] However, the Court did not specify the constitutional provisions violated or provide case cites. As such, it is appropriate for the Court to indulge this request for clarification.

The Court finds mandatory imposition of electronic monitoring and curfew conditions violates Defendant's Fifth Amendment right to procedural due process. This is because the conditions are based solely on the crime charged, and applied without an opportunity for Defendant to be heard regarding imposition of the conditions and an independent judicial determination of whether those conditions are really the least

---

[23] *See Crowell*, 2006 WL 3541736, at *1 (in finding the Adam Walsh Amendments unconstitutional, the magistrate judge noted that "[p]ursuant to 28 U.S.C. § 636(a)(2), the undersigned has **original jurisdiction over all matters** pertaining to pretrial release pursuant to 18 U.S.C. § 3142.") (emphasis added).

[24] Transcript of May 1, 2019 hearing, p. 6:21-p.7:5; p. 7:15-25 (ECF No. 12).

restrictive means to ensure Defendant's future appearance and safety of the community.[25] In so holding, the Court relies on four previous decisions from this District reaching the same conclusion.

In *United States v. Vujnovich*,[26] the defendant was charged with receipt and possession of child pornography. At the initial appearance, Magistrate Judge David J. Waxse ordered defendant released on an unsecured bond and imposed electronic monitoring.[27] However, Judge Waxse made no specific findings as to the necessity of electronic monitoring because, given the crimes charged, the Adam Walsh Amendments mandated monitoring as a condition of release.[28] The defendant then filed a motion to modify his conditions of release, asking for removal of the electronic monitoring condition and arguing the Adam Walsh Amendments' mandatory imposition of the condition was unconstitutional.[29] After review, Judge Waxse agreed. He found the Adam Walsh Amendments violated the defendant's Fifth Amendment right to procedural due process

---

[25] The Fifth Amendment provides that no person shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. An "an individual's right to freedom of movement among locations and the right to remain in a public place are fundamental to our sense of personal liberty protected by the Constitution." *Torres*, 566 F. Supp. 2d at 597; *see also United States v. Polouizzi*, 697 F. Supp. 2d 381, 391 (E.D.N.Y. 2010) ("A curfew, by its definition, restricts the ability of the defendant to move about in a public area during substantial periods of time. The condition of a mandatory curfew with an associated electronic monitoring bracelet imposed pursuant to the Adam Walsh Act substantially constrains freedom-of-movement liberty."). "The fundamental requisite of due process of law is the opportunity to be heard." *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970) (quoting *Grannis v. Ordean*, 234 U.S. 385, 394 (1914)).

[26] No. 07-20126-01-CM-DJW, 2007 WL 4125901 (D. Kan. Nov. 20, 2007).

[27] *Id.* at *1.

[28] *Id.*

[29] *Id.*

and removed the electronic monitoring requirement without a further hearing.[30]  District

Judge Carlos Murguia affirmed the constitutional aspects of Judge Waxse's order in a

separate written opinion, but did set a hearing to determine whether electronic monitoring

was necessary:

> The Magistrate Judge's determination that he must impose electronic
> monitoring as a condition of defendant's pretrial release based solely on the
> crimes charged effectively created an irrebuttable presumption that
> defendant's appearance at trial and the safety of the community could not be
> assured without subjecting defendant to electronic monitoring. . . . [The]
> defendant's arrest alone cannot establish his dangerousness; it merely
> triggers the ability to hold a hearing during which such a determination may
> be made. . . . "[I]f a defendant is to be released subject to bail conditions that
> will help protect the community from the risk of crimes he might commit
> while on bail, the conditions must be justified by a showing that defendant
> poses a heightened risk of misbehaving while on bail." . . . The arrest itself
> is insufficient to establish that pretrial release conditions are required.
>
> Because the Magistrate Judge did not determine whether it was necessary to
> impose the pretrial release conditions in order to secure defendant's
> appearance or the safety of other persons or the community, the application
> of the Adam Walsh Amendments in this case eliminated an independent
> judicial determination as to the necessity of the release conditions. This
> violated defendant's right to procedural due process. [31]

In *United States v. Deppish*,[32] the defendant was also charged with certain child

pornography offenses.  At his initial appearance, Magistrate Judge Gary Sebelius imposed

electronic monitoring and curfew conditions pursuant to the Adam Walsh Amendments.[33]

Defendant subsequently filed a motion seeking removal of these conditions based on the

---

[30] *Id.* at *2-3 (Judge Waxse also found the Adam Walsh Amendments violated the separation of
powers doctrine and the Excessive Bail Clause of the Eighth Amendment).

[31] *United States v. Vujnovich*, No. 07–20126–01–CM–DJW, 2008 WL 687203, *2-3 (D. Kan. Mar.
11, 2008) (internal citations omitted).

[32] Case No. 13-40070-01-JAR, ECF No. 35 (D. Kan. Dec. 5, 2013).

[33] *Id.* at pp. 1-2.

unconstitutionality of the Adam Walsh Amendments—namely that the conditions were imposed without a hearing regarding their necessity to assure community safety and defendant's appearance in court.[34] Judge Sebelius agreed and found the Adam Walsh Amendments "violate the Due Process Clause of the Fifth Amendment to the extent they require the imposition of certain conditions of pretrial release without affording the defendant an opportunity to contest whether those conditions are necessary to assure his appearance in court or the safety of persons or the community."[35] Judge Sebelius then granted defendant a hearing to determine whether the conditions were necessary.[36]

Similarly, in *United States v. Rogers*,[37] the defendant was also charged with crimes mandating imposition of electronic monitoring and curfew as conditions of release.[38] Magistrate Judge Kenneth G. Gale, pursuant to the Adam Walsh Amendments, imposed those mandatory conditions at defendant's detention hearing without conducting an individual determination of whether the conditions were necessary.[39] The defendant did not object to the conditions at that time.[40] However, the defendant later moved to have the

---

[34] *Id.* at p. 2.

[35] *Id.* at p. 3 (Judge Sebelius also found the Adam Walsh Amendments violate the Excessive Bail Clause of the Eighth Amendment).

[36] *Id.* at pp. 4-5. After conducting a hearing, Judge Sebelius found electronic monitoring and curfew unnecessary and removed the conditions. The United States sought review before the District Judge, who re-imposed the conditions. The defendant then appealed to the Tenth Circuit. The Tenth Circuit affirmed the re-imposition of the conditions, but the United States did not press the constitutional issues on appeal to the District Judge or to the Tenth Circuit. Rather, the issue was decided on the individual facts of the case. *See United States v. Deppish*, 554 F. App'x 753 (10th Cir. 2014).

[37] Case No. 18-10018-01-EFM, ECF No. 80 (D. Kan. April 5, 2019).

[38] *Id*. at p. 2.

[39] *Id.*

[40] *Id.*

conditions removed, arguing the imposition of mandatory conditions are unconstitutional under the Fifth Amendment's due process clause because they must be imposed without a judicial finding that the conditions are necessary to ensure defendant's presence for trial or community safety.[41]

Judge Gale agreed with defendant. First, Judge Gale found that submitting to 24-hour government monitoring of a person's movements through a supervised curfew and electronic monitoring is a substantial restriction on liberty.[42] Next, Judge Gale analyzed what "due process" procedures accompanied this deprivation of liberty.[43] Judge Gale found there were none:

> The only requirement in the statute for the mandatory imposition of the conditions is that the case "involves a minor victim" under the specified provisions, or that the case involve a failure to register offense. 18 U.S.C. § 3142(c)(1)(B). There is no procedure of any kind, other than for the Court to read the government's claim in the charging document. The charge itself, which of course proves nothing, is the only predicate for imposing the conditions. Although not dispositive, this provision does not even require a finding that there is probable cause to believe the Defendant committed the offense, which is required to activate the procedural presumption of detention for these same offenses under 18 U.S.C. § 3142(e)(3)(E). While the conditions at issue are less onerous than detention, the due process provided here, which is none, is insufficient to deprive the Defendant of even that degree of liberty.[44]

Finding defendant's due process rights were violated when curfew and electronic monitoring were imposed without any individual determination of whether those

---

[41] *Id.* at p. 3.
[42] *Id.* at pp. 6-7.
[43] *Id.* at p. 7.
[44] *Id.* at pp. 7-8.

conditions were necessary to assure appearance at trial or community safety, Judge Gale granted defendant a hearing on the matter.[45]

In the instant case, the Court, based on the above cases and their holdings an individual determination regarding the necessity of electronic monitoring and curfew was constitutionally required for those defendants, informed the parties during the May 1, 2019 hearing it believed mandatory imposition of the conditions were violative of Defendant's constitutional rights. The Court then proceeded to conduct an individual determination during the hearing to determine whether electronic monitoring and curfew were the least restrictive means to ensure Defendant's future appearance and community safety, as required by § 3142(c)(1)(B). As explained more fully in Section III.B.1. below, the Court found these conditions unnecessary for this Defendant.

Finally, the undersigned notes Judge Gale also specifically found the Adam Walsh Amendments facially violative of the Fifth Amendment's right to procedural due process.[46] A facial challenge to a statute considers only the text of the statute itself, not its application to the particular circumstances of an individual.[47] An as-applied challenge, on the other hand, requires an analysis of the facts of a particular case to determine whether the application of a statute, even one constitutional on its face, deprived the individual to whom it was applied of a protected right.[48] "The legal dynamics between the two types of constitutional challenges are consequential. If a facial constitutional challenge is granted,

---

[45] *Id.* at p. 9.
[46] *Id.* at pp. 8-9.
[47] *See Karper*, 847 F. Supp. 2d at 356 (quotation marks and internal citations omitted).
[48] *Id.*

the Government cannot enforce it under any circumstances, unless a court narrows the application; whereas, if it held that a statute is unconstitutional as applied to a particular set of facts, the Government can enforce it differently under dissimilar situations."[49] The undersigned clarifies that during the May 1, 2019 hearing, she only found the Adam Walsh Amendments unconstitutional based on procedural due process as applied to this Defendant. As such, a facial challenge to the Adam Wash Amendments need not be addressed in this Order.

Additionally, the Court is aware of District Judge Eric F. Melgren's recent order reversing Judge Gale's finding the Adam Walsh Amendments are facially unconstitutional.[50] The Court distinguishes Judge Melgren's order from the instant case because, as stated above, the undersigned is only making an as-applied finding of unconstitutionality. However, based on the Judge Melgren's order, the undersigned clarifies she finds the constitutionally protected liberty interest at stake is Defendant's right to freedom of movement among locations and the right to remain in a public place, *i.e.*, the right to travel.[51]

---

[49] *Id.*

[50] Case No. 18-10018-01-EFM, ECF No. 98 (D. Kan. June 18, 2019).

[51] Relying *United States v. Salerno*, 481 U.S. 739 (1987), Judge Melgren found no fundamental liberty interest at stake on a facial basis because pretrial release conditions do not amount to punishment. *See id.* at pp. 8-10. However, *Salerno* held that the Bail Reform Act of 1984, which authorizes the detention prior to trial of arrestees charged with serious felonies, did not facially violate due process because detention was only imposed after an adversary hearing on the matter. *Salerno*, 481 U.S. at 751-52, 755. Here, however, the Adam Walsh Amendments, as written, do not offer Defendant a chance to contest whether electronic monitoring and a curfew should be imposed. Rather, the imposition is mandatory.

"The Supreme Court has recognized that the 'right to remove from one place to another according to inclination' is an 'attribute of personal liberty' protected by the Constitution."[52] Indeed, an individual's decision to remain in a public place of his choice is as much a part of his liberty as the freedom of movement inside frontiers that is "a part of our heritage."[53] Thus, the mandatory electronic monitoring and curfew of the Adam Walsh Amendments implicate a liberty interest by curtailing Defendant's ability to move from one place to another and to remain in a place of choice when,[54] as explained in Section III.B.1. below, the Court finds these conditions unnecessary to ensure Defendant's future appearance and community safety.[55] The Court realizes it did restrict Defendant's travel

---

[52] *Torres,* 566 F. Supp. 2d at 597 (citing *Williams v. Fears*, 179 U.S. 270, 274 (1900) and *Papachristou v. Jacksonville*, 405 U.S. 156, 164 (1972); *Polouizz*i, 697 F. Supp. 2d at 390–91 ("The right to travel from one place to another free of hindrances is a well established aspect of constitutionally protected private freedom.") (citing *Kolender v. Lawson*, 461 U.S. 352, 358 (1983); *Karper*, 847 F. Supp. 2d at 357 ("Here, the Adam Walsh Act mandated curfew and electronic monitoring restrict the freedom of movement, also known as the right to travel . . . . The right to travel has long been recognized as a liberty which cannot be deprived without due process of law."); *see also Fish v. Kobach*, 259 F. Supp. 3d 1218, 1232 (D. Kan. 2017) ("The right to travel is a fundamental right under the Constitution . . . .").

[53] *Torres,* 566 F. Supp. 2d at 597 (quoting *Kent v. Dulles*, 357 U.S. 116, 126 (1958)); *Kent v. Dulles*, 357 U.S. 116, 125-26 (1958) ("The right to travel is a part of the 'liberty' of which the citizen cannot be deprived without the due process of law under the Fifth Amendment. . . . Freedom of movement across frontiers in either direction, and inside frontiers as well, was a part of our heritage.").

[54] *See Polouizzi*, 697 F. Supp. 2d at 391 ("A curfew, by its definition, restricts the ability of the defendant to move about in a public area during substantial periods of time. The condition of a mandatory curfew with an associated electronic monitoring bracelet imposed pursuant to the Adam Walsh Act substantially constrains freedom-of-movement liberty.")

[55] *Id.* ("It is certain that electronic monitoring will be unnecessary for *some* defendants. . . . Yet the Adam Walsh Act forecloses any individualized judicial consideration, requiring unjustified burdens on all accused persons, even those who present no risks.") (internal citations omitted); *Torres*, 566 F. Supp. 2d at 597–98 ("Without any consideration of the need for the restriction on an arrestee's liberty to ensure his appearance at trial or to ensure the safety of the community, there is a great risk that an arrestee will be deprived of his liberty erroneously. In fact, without a judicial determination of the necessary conditions of release based upon the arrestee's particular circumstances, there is no means of knowing whether the deprivation is erroneous or warranted.").

outside of Kansas and Oklahoma without prior permission, but believes constant electronic monitoring and a curfew is a much more substantial liberty infringement given Defendant's minimal flight risk and danger to the community.

In conclusion, the undersigned agrees with, and incorporates, the reasonings in the above decisions from this District finding the Adam Walsh Amendments violates the Fifth Amendment's right to procedural due process on an as-applied basis.[56]

### 3.    Eighth and Ninth Circuit Opinions

The United States points out that the *Vujnovich* and *Deppish* opinions above predate three cases from the Eighth and Ninth Circuits, which found the Adam Walsh Amendments constitutional.  Of course, these Eighth and Ninth Circuit opinions are not binding on this District and do not overturn *Vujnovich* and *Deppish*.  Nor did the Circuit opinions overturn United *States v. Crowell*,[57] which *Vujnovich* and *Deppish* heavily relied upon.  However, this Court will address these Circuit opinions.

In *United States v. Stephens*,[58] the Eighth Circuit only addressed a facial challenge to the Adam Walsh Amendments, and expressed no view as to any as-applied challenge.[59] Because the undersigned finds the Adam Walsh Amendments unconstitutional on an as-applied basis only, *Stephens* is not relevant to the case at hand.

---

[56]*See also Crowell*, 2006 WL 3541736 at *7-10 (finding the Adam Walsh Amendments unconstitutional under the Fifth Amendment's due process clause); *Torres*, 566 F.Supp.2d at 596-599 (same); *Arzberger*, 592 F.Supp.2d at 599-601 (same); *Polouizzi*, 697 F. Supp. 2d at 390-95 (same); *Karper*, 847 F.Supp.2d at 361-62 (same).
[57] No. 06-CR-291E(F), 2006 WL 3541736 (W.D.N.Y. Dec. 7, 2006).
[58] 594 F.3d 1033 (8th Cir. 2010).
[59] *Id*. at 1039-40.

However, in *United States v. Kennedy*[60] and *United States v. Peeples*,[61] the Ninth Circuit did address as-applied challenges, and found the Adam Walsh Amendments constitutional in those particular cases. In both cases, the Ninth Circuit found that because the Adam Walsh Amendments did not define electronic monitoring or curfew, district courts could exercise their discretion, to the extent practicable, in determining how these conditions could be applied.[62] For example, the Court noted the Adam Walsh Amendments do not mandate courts to require electronic monitoring in specific locations or during specific time periods, or set curfew at a certain time of day or night or number of hours per day.[63] Thus, the Ninth Circuit held that because the defendants were entitled to a detention hearing and a large number of individualized determinations—including an individualized determination as to the extent of any mandatory conditions of release, procedural due process was not violated.[64]

However, the undersigned takes a different view in its analysis than the Ninth Circuit. In this Court's view, the Ninth Circuit places undue emphasis on the fact that the mandatory conditions imposed by the Adam Walsh Amendments are undefined. This allowed the Ninth Circuit to rewrite the language of the Adam Walsh Amendments[65] in

---

[60] 327 F. App'x 706 (9th Cir. 2009).

[61] 630 F.3d 1136 (9th Cir. 2010).

[62] 327 F. App'x at 707; 630 F.3d at 1139.

[63] *Id*.; *Id*.

[64] *Id*.; *Id*.

[65] *See Polouizzi*, 697 F. Supp. 2d at 386 (noting that the conditions of release are "plain, unambiguous, and mandatory"); *Torres*, 566 F. Supp. 2d at 595 ("The plain language of the Adam Walsh Amendments, specifically the unenumerated paragraph at the end of 18 U.S.C. §3142(c)(1)(B), . . . establishes that Congress has attempted to mandate the court's imposition of certain pretrial release conditions for those arrestees allegedly involved in certain crimes . . . .").

order to avoid the very issue presented—that is, whether it was constitutional for Congress to impose the automatic conditions upon mere charging. The nature of the constitutional challenge is not the parameters of the implementation of conditions, but whether due process was granted during the imposition of conditions.

The Ninth Circuit's analysis is also extratextual, as the Adam Walsh Amendments make plain the enumerated conditions are imposed automatically upon maintenance of a mere charge.[66] There is no discretion regarding whether the conditions should be imposed. Thus, the Ninth Circuit's opinions ask district courts to read out the mandatory language of the Adam Walsh Amendments to save the statute. They do so by claiming that "mandatory" actually means "discretionary."[67]

Furthermore, the Ninth Circuit's opinions do not address situations like the present where the undersigned, as explained more fully below, finds **any** imposition of electronic monitoring and curfew unnecessary to prevent a defendant's risk of flight or danger to the community. In such an instance, a court would be imposing these conditions, without an opportunity for defendants to contest the same, merely because the Adam Walsh

---

[66] The Adam Walsh Amendments state that in any case involving the specified crimes, any order of release "shall contain, at a minimum," the listed conditions. *See* 18 U.S.C. § 3142(c)(1)(B) (last/undesignated paragraph); *Crowell*, 2006 WL 3541736, at *10 ("[T]he Amendments, by mandating the imposition of certain pretrial release conditions, establish that an arrest on the stated criminal charges, without more, irrebuttably establishes that such conditions are required, thereby eliminating an accused's right to an independent judicial determination as to required release conditions, in violation of the right to procedural due process applicable to the instant proceedings under the Fifth Amendment."); *see also supra* note 65.

[67] *See Crowell*, 2006 WL 3541736, at *4 (the use of the word shall in the Adam Walsh Amendments "does not support finding that the Amendments' provision regarding the imposition of the specified release conditions as anything other than imposing a mandatory duty upon the court."); *Karper*, 847 F.Supp.2d at 360 n.6 (explaining disagreement with the Ninth Circuit's analysis).

Amendments require them.[68]  Whether a court were to impose electronic monitoring 24

hours a day or only during specific time periods, the condition would still be imposed

without a defendant having the opportunity to contest its imposition or the court having an

opportunity to decide if it is truly the least restrictive means necessary.[69]  This is the

constitutional violation the undersigned finds concerning.[70]

In this Court's view, the Adam Walsh Amendments should not be construed to

abandon the principles of the Bail Reform Act of 1984.  In the legislative history of the

Bail Reform Act of 1984, Congress reiterated that in federal courts, judges are vested with

the authority to make pretrial release decisions.[71]  Congress observed that courts must have

"adequate authority to make release decisions that give appropriate recognition to the

danger a person may pose to others if released."[72]  This is shown by § 3142(c)(1)(B), which

---

[68] *See Torres*, 566 F. Supp. 2d at 598 ("Finally, the Government's interest, the safety of the community and of children is certainly important.  However, it is not clear to the Court how removing from judicial consideration whether a curfew with electronic monitoring is necessary to secure the safety of the community and of children improves that interest.  And, the burden on the Government of the greater process is minimal.  After all, the greater process only involves what the Government must provide in all other cases not involving the Adam Walsh Amendments, that is, presenting argument to the court regarding what the Government believes to be the appropriate conditions of release in a given case."); *Arzberger*, 592 F.Supp.2d at 601 ("[I]n the absence of any findings by Congress as to the efficacy of a curfew requirement, it cannot be assumed that courts would generally require a curfew for defendants charged with child pornography offenses if such a condition were discretionary rather than mandatory.").

[69] *See Polouizzi*, 697 F. Supp. 2d at 394 ("The basic defect of the Adam Walsh Act, as applied, is that it imposes a mandatory limit on freedom of an accused without permitting an 'adversary hearing.'").

[70] *See Crowell*, 2006 WL 3541736, at *9 ("The Adam Walsh Amendments' mandate imposing certain pretrial release conditions, based solely on the nature of the particular crimes charged, directly restricts the judicial discretion Congress sought to enlarge in both the Bail Reform Acts of 1966 and 1984, and which the Supreme Court has recognized as paramount to meet the requirements of procedural due process in the bail-setting process in federal courts.").

[71] *Id.* (citing S.Rep. No. 98-225, 98th Cong., 1st Sess. 26 (1983), reprinted in 1984 U.S.Code Cong. & Admin. News 3182, 3185.)

[72] *Id.*

allows courts to order the pretrial release of persons "subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community."

The Court understands the government's interest in the Adam Walsh Amendments is to prevent crimes and attacks against children by those arrested.[73]  The Court also acknowledges that safeguarding the physical and psychological well-being of a minor is a compelling and a legitimate governmental interest, especially with regard to child pornography.[74]  Yet, protecting the community safety, and children in particular, does not create a per se rule that this government interest always outweighs the constitutional right of liberty.[75]  If that conclusion were perpetually so, then it would deny due process.[76] Rather, that interest is in no way diminished by conducting an individual evaluation of the need for a curfew and electronic monitoring.  Pursuant to § 3142, proceedings are already conducted to determine whether a defendant should be detained or released on bail, the amount of bail, and the need for conditions of release other than those required by the Adam Walsh Amendments.[77]  Thus, the additional burden of requiring an individualized determination of the need for a curfew and electronic monitoring would be minimal, and

---

[73] *Torres*, 566 F. Supp. 2d at 600.
[74] *See Karper*, 847 F. Supp. 2d at 359.
[75] *Id.*
[76] *See Polouizzi*, 697 F.Supp.2d at 393.
[77] *See Arzberger*, 592 F.Supp.2d at 601.

in line with the Bail Reform Act of 1984's directive that courts be vested with adequate authority to make pretrial release decisions.[78]

## B. Request for Reconsideration

The United States' entire Motion, save the last sentence, is directed at asking this Court for clarification. In the very last sentence of the Motion, the United States "asks the Court [to] reconsider its order and impose the conditions of electronic monitoring and curfew, particularly where no objection to the conditions was made by the defendant as part of his release."[79] Before addressing this request for reconsideration, the Court will explain its decision to not impose the electronic monitoring and curfew conditions.

### 1. Decision to not Impose Electronic Monitoring and Curfew

After suggesting the Adam Walsh Amendments violate Defendant's procedural due process rights, the Court, pursuant to § 3142(c)(1)(B), proceeded to hear arguments at the May 1, 2019 hearing regarding whether electronic monitoring and curfew would be "the least restrictive further condition, or combination of conditions, that . . . will reasonably assure the appearance of the person as required and the safety of any other person and the community."[80]

---

[78] *Polouizzi*, 697 F. Supp. 2d at 393 ("When required by the facts of individualized cases, mandatory conditions imposed upon those accused of having committed certain sex offenses, may include such limitations as: . . . (3) electronic monitoring; and; (4) curfew. . . . There is no reason to suspect that courts will refrain from imposing necessary restrictions in individual cases as required to protect children.").

[79] ECF No. 11, p. 6.

[80] 18 U.S.C. § 3142(c)(1)(B).

The Court explained that based on the information before it -- the Indictment and

bond report -- it was not inclined to order electronic monitoring and curfew in this case.

The Court proceeded to ask the United States what specifically about the case justified the

use of such conditions.[81]  This exchange followed:

> **MR. MCCARTY** [for the United States]:  Your Honor, this is Mr.
> Hart's case.  In an email he had in the file, he said he would request
> monitoring pursuant to the Adam Walsh Act.

> **THE COURT**:  Right.  And –

> **MR. MCCARTY**:  That's all I have.  And being this case was handed
> to me six, seven minutes ago, I haven't had a good chance to review the
> contents of it.  But I think – so probation's fine with no EM.  Mr. Hart would
> like electronic monitoring, so . . . .

> **THE COURT**:  Okay.  Well, . . . there's been some cases that have
> recently come down in this district where . . . the court has taken a consistent
> position that . . . these mandatory conditions, particularly curfew and
> electronic monitoring, are violations of . . . certain constitutional rights.  And
> obviously that's the last thing you want to do here.  And I've not seen
> anything with the picture that I've [been] presented with regard to Mr. Blaser
> that makes him need that.  So I'm not inclined to do electronic monitoring.

> **MR. MCCARTY**:  Fair enough.[82]

After hearing from Defendant, the Court gave the United States an opportunity to make

further comments.  The United States stated it had no additional comments.[83]

Specifically, the Court did not impose electronic monitoring and curfew because it

did not find these would be the least restrictive conditions to reasonably assure the

Defendant's future appearance and community safety.  In making this decision, the Court

---

[81] Transcript of May 1, 2019 hearing, p. 6:21-p.7:5 (ECF No. 12).
[82] *Id.* at p. 7:6-p.8:1.
[83] *Id.* at p. 9:9, p. 12:7.

considered the purpose of the Adam Walsh Amendments (to protect children),[84] and the serious and significant harm child pornography poses to children. As aptly stated by one court:

> The crimes with which Defendants are charged, and to which the Adam Walsh Amendments pertain include knowingly transporting . . . child pornography. Not only are the vulnerable young victims of such perverse crimes persuaded, or worse, forced to engage in sexual acts in order to create the child pornography targeted by the instant charges, the repulsive and abusive conduct represented by such pornography also damages the child victims' impressionable psyches, violating their basic human rights and dignity, and the right, in any civilized society, to be protected by adults against such abuses. It is well known that such abuses are aggravated through the repeated disclosures of the images of the victimized children engaged in the acts. In recognition of the serious harm resulting from such child pornography, Congress has recently enacted legislation, including the Adam Walsh Amendments, in an effort to reduce, if not eliminate, the perpetration of such crimes. Nevertheless, the understandable legislative desire to suppress the potential to continue the misconduct by persons while on release pending trial on such charges does not allow Congress to override fundamental constitutional safeguards of the accused who, despite the reprehensible nature of the offenses, continue to enjoy the presumption of innocence in setting conditions of release.[85]

Regarding the Defendant's risk of flight, the Court found it minimal. Defendant has worked on a farm his entire life and does not even possess a passport because he has never traveled outside of the country. Additionally, the Court imposed travel restrictions on Defendant such that he cannot leave the District of Kansas or Western District of Oklahoma

---

[84] *See Torres*, 566 F.Supp.2d at 600 (explaining that the Government's legitimate interest in imposing these particular conditions of release is to protect the safety of children). *But see Karper*, 847 F. Supp. 2d at 361 ("When enacting the Adam Walsh Act, Congress did not make any empirical finding that persons charged with the possession of child pornography are more likely to flee or continue to harm children, if released. There was no assessment nor statistical finding of a greater risk of future crimes by these defendants at this initial juncture of a prosecution.").

[85] *Crowell*, 2006 WL 3541736, at *3.

without permission of the Court or Probation Office. Ordering Defendant to be electronically monitored 24 hours a day and abide by a curfew would be too restrictive considering his minimal flight risk.

Regarding Defendant's dangerousness to the community, and in particular children, the Court does not believe this risk warrants electronic monitoring and a curfew, especially considering the cyber nature of the alleged crimes. Defendant's previous criminal history consists of one traffic violation for not wearing a seatbelt. And, as stated above, the real danger to children from the child pornography offenses at issue here come through the "repeated disclosures of the images of the victimized children engaged in the acts," especially through use of the internet. Here, as conditions for release, the Court ordered Defendant cannot possess any form of pornographic material.

Additionally, he must submit to computer monitoring by the Probation Office and follow the Probation Office's policies restricting/prohibiting computer, cell phone and internet usage. During the May 1, 2019 hearing, Defendant confirmed to the Court he has already disposed of his smartphone in favor of a flip phone. Also, Defendant, who is single without children, has agreed to move in with his brother and sister-in-law while his case is pending. These conditions will do more to curb Defendant's access to child pornography as it relates to the charges here than electronic monitoring and a curfew would.[86] The Court

---

[86] *See, e.g., Karper*, 847 F.Supp.2d at 359, 363 (finding conditions restricting defendant's computer and internet use would eliminate the possibility of potential on-going harm to children where defendant was charged with child pornography offenses); *see also Torres*, 566 F.Supp.2d at 598 ("[T]he Government's interest [in] the safety of the community, and of children is certainly important. However, it is not clear to the Court how removing from judicial consideration whether

also finds these conditions less restrictive than constant electronic monitoring and imposition of a curfew.[87]

Additionally, the Court ordered Defendant cannot have any contact with a minor without direct supervision of a responsible adult. In its Motion, the United States seems to argue this condition goes hand-in-hand with electronic monitoring and a curfew based on the Tenth Circuit's opinion in *United States v. Deppish*,[88] where the Court affirmed the imposition of electronic monitoring and a curfew based on the facts in front of it. But, the critical fact in *Deppish* for the affirmation of the conditions was that "the conduct attributed to Mr. Deppish went beyond passively accessing child pornography to actively posting sexually suggestive photographs of a minor family member on the internet."[89] No such or similar allegations regarding the Defendant have been disclosed to the Court.

## 2. Request for Reconsideration

As stated above, in the last sentence of its Motion, the United States asks the Court to "reconsider its order and impose the conditions of electronic monitoring and curfew, particularly where no objection to the conditions was made by the defendant as part of his

---

a curfew with electronic monitoring is necessary to secure the safety of the community and of children improves that interest.").

[87] *See Polouizzi*, 697 F. Supp. 2d at 389, 391 ("Required wearing of an electronic bracelet, every minute of every day, with the government capable of tracking a person not yet convicted . . . would be considered a serious limitation on freedom by most liberty-loving Americans.") ("A curfew, by its definition, restricts the ability of the defendant to move about in a public area during substantial periods of time. The condition of a mandatory curfew with an associated electronic monitoring bracelet imposed pursuant to the Adam Walsh Act substantially constrains freedom-of-movement liberty.").

[88] 554 F. App'x 753 (10th Cir. 2014).

[89] *Id.* at 755.

release."[90]  The issue of reconsideration is not otherwise discussed in the Motion.  For the reasons stated below, this request is denied.

First, it is not accurate to say Defendant made no objection to the monitoring and curfew conditions.  Rather, Defendant simply told the Court he requests a bond "under whatever circumstances Your Honor believes is appropriate" after the Court announced its intention to not impose electronic monitoring or a curfew.[91]

Second, a motion to reconsider must be based on: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.[92]  The United States had presented none of these things in its Motion.  In fact, it omits discussion of reconsideration in its Motion except to request it in the last sentence.  Because the United States has presented no new law or new evidence in its Motion for why electronic monitoring and a curfew should be imposed, the Court presumes its request is based on the position that the Adam Walsh Amendments mandate the conditions.  But, for the reasons explained herein, the Court finds mandatory imposition of these conditions violate Defendant's procedural due process rights.  And, based on its independent determination of the situation as depicted on May 1 and presently, finds these conditions unnecessary to reasonably assure Defendant's appearance and the safety of the community, including children.

---

[90] ECF No. 11, p. 6.
[91] Transcript of May 1, 2019 hearing, p. 9:4-6 (ECF No. 12).
[92] D. Kan. Rule 7.3(b).

Finally, if the United States has individualized reasons for imposing monitoring and a curfew on Defendant, the Court would have expected such to be proffered at the May 1, 2019 hearing when it asked the United States to justify the conditions. Or, at the very least, in the present Motion. Additionally, the United States does not request a re-hearing to make a showing the conditions should be imposed to prevent Defendant from fleeing or to keep the community safe. As such, the Court finds reconsideration improper.

**IT IS THEREFORE ORDERED** that United States' Motion for Clarification and Reconsideration of Magistrate Judge's Order Setting Conditions of Release (**ECF No. 11**) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 25th day of June 2019.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge