IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

    Case No. 19-10075-EFM

LARRY WAYNE BLASER,

    *Defendant.*

**MEMORANDUM AND ORDER**

This matter comes before the Court on the government's Notice of Appeal of Magistrate Judge Ruling to District Court (Doc. 20). Judge Birzer found that 18 U.S.C. § 3142(c)(1)(B) was unconstitutional as applied to Defendant Larry Wayne Blaser and allowed him to be released without the conditions of electronic monitoring and curfew. The government argues that Judge Birzer does not have the authority to make the constitutionality ruling and that her determination is clearly erroneous. In addition, the government requests that the conditions of electronic monitoring and curfew be imposed upon the Defendant. For the reasons described in more detail below, the Court reverses the unconstitutionality finding and sends the case back to Judge Birzer to impose conditions consistent with this Order and § 3142(c)(1)(B).

**I.    Factual and Procedural Background**

On April 23, 2019, Defendant Blaser was charged with three counts of transportation of child pornography, pursuant to 18 U.S.C. § 2252A(a)(1), and one count of possession of child pornography, pursuant to 18 U.S.C. § 2252A(a)(5)(B). Defendant made his initial appearance before Judge Birzer on May 1, 2019.

The government agreed to Defendant's release pursuant to the conditions required by 18 U.S.C. § 3142(c)(1)(B),[1] which includes electronic monitoring and curfew. During Defendant's initial appearance, Judge Birzer noted that she was aware of some District of Kansas decisions that found mandatory conditions of electronic monitoring and curfew violated a defendant's constitutional rights. Thus, she declined to impose the conditions of electronic monitoring or curfew. Judge Birzer released Defendant but imposed the restriction of no travel outside the District of Kansas or Western District of Oklahoma without permission of the Court or the United States Probation Office.

The government filed a Motion for Clarification and Reconsideration. In this motion, the government sought clarification of Judge Birzer's authority to find the statute unconstitutional and the specific constitutional provisions that were violated. In addition, the government requested that Judge Birzer reconsider her order and impose the conditions of electronic monitoring and curfew.

On June 25, 2019, Judge Birzer issued a written order. In this Order, she granted the government's request for clarification but denied its motion for reconsideration. She set forth her reasons for her authority to find the statute unconstitutional and clarified that she found

---

[1] This provision was part of the Adam Walsh Child Protection and Safety Act ("Adam Walsh Act"), Pub. L. 109-248, 120 Stat. 587 (July 27, 2006).

§ 3142(c)(1)(B) unconstitutional as applied because it violated Defendant's Fifth Amendment right to procedural due process. She declined to impose the conditions upon Defendant.

The government now appeals Judge Birzer's findings. The government's appeal involves three issues: (1) whether Judge Birzer has the authority to declare § 3142(c)(1)(B) unconstitutional, (2) whether her ruling that the statute was unconstitutional is clearly erroneous, and (3) a request to impose the conditions of electronic monitoring and curfew as conditions of release. This Court held a hearing on August 6, 2019.

## II.     Standard of Review

Pursuant to Fed. R. Crim. P. 59(a), a district court can review a magistrate judge's non-dispositive order if the party files its objection within 14 days of the order. Rule 59(a) also provides that the district judge "must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous." Thus, the standard of review is whether any part of the order is clearly erroneous or contrary to law.

## III.     Analysis

### A.     Authority

The government first contends that a magistrate judge does not have the authority to declare a statute unconstitutional. The government raised this issue below. Judge Birzer disagreed.

"Magistrates are appointed by and serve under the supervision of district court judges."[2] They are not Article III judicial officers, and "[t]he jurisdiction and powers of magistrates are

---

[2] *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461 (10th Cir. 1988) (citing 28 U.S.C. § 631(a)).

governed by 28 U.S.C. § 636, and limited by the Constitution, U.S. Const. art. III, § 1."[3]  "Federal magistrate judges are creatures of statute, and so is their jurisdiction."[4]

A magistrate judge's authority is generally defined in 28 U.S.C. § 636.  Section 636(a)(2) provides that a magistrate judge has the power to "issue orders pursuant to section 3142 of title 18 concerning release or detention of persons pending trial . . . ."  In Judge Birzer's order, she found that this provision gave her the jurisdiction and authority to opine that certain provisions of § 3142 were unconstitutional.

This provision, however, does not provide that a magistrate judge may decide the constitutionality of the statute and strike it down because it is unconstitutional.  Instead, it simply states that a magistrate judge may issue "orders *pursuant* to section 3142 of title concerning release or detention . . . ."  There are also no other provisions in § 636 that explicitly provide that a magistrate judge may make constitutional determinations or decisions.  As noted above, a magistrate judge's authority is generally constrained to specific issues.  There does not appear to be any grant of authority to make constitutional determinations.

The Court notes that there are multiple cases in which magistrate judges have decided the constitutionality of § 3142.[5]  As Judge Birzer noted, although the findings of constitutionality have been questioned on appeal to the district court, the magistrate judges' authority to rule on the issue has not been questioned.[6]  The absence of a challenge, however, to the authority to rule on the

---

[3] *Id.*

[4] *First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (internal alterations omitted).

[5] *See United States v. Blaser*, --- F.3d ---, 2019 WL 2603318, at *2 (D. Kan. 2019) (collecting cases).

[6] *Id.*

constitutional issue, does not necessarily mean that a magistrate judge *has* the authority to rule. It simply means that the question may not have been raised before.

There are very few cases addressing a magistrate judge's authority to decide constitutional issues and make unconstitutionality findings. However, there are decisions noting a magistrate judge's limited authority and jurisdiction. As an Article I judge, a magistrate judge may not infringe on an Article III judge's constitutionally granted powers, and Article III protections constrain a magistrate judge's authority and jurisdiction. In addition, 28 U.S.C. § 636 (the statute setting forth a magistrate judge's duties) sets forth various limitations on a magistrate judge's authority.[7] Accordingly, the Court concludes that a constitutional determination is beyond the power granted to a magistrate judge by statute. Even though the Court finds that the magistrate judge did not have the authority to make this constitutional ruling, the Court will address the issue because the magistrate judge's ruling could be interpreted as a recommendation to the district judge to find the statute unconstitutional.

**B.     Constitutionality**

"In any case that involves a minor victim under . . . § 2252A(a)(1) . . . any release order shall contain, at a minimum, a condition of electronic monitoring" and certain other conditions, such as a specified curfew.[8] In Judge Birzer's written order, she stated that she found the mandatory imposition of electronic monitoring and curfew conditions violated a defendant's Fifth

---

[7] *See, e.g.*, 28 U.S.C. § 636(b)(1)(a) (limiting a magistrate judge from deciding such issues as injunctive relief, summary judgment, and suppression of evidence) and § 636(c) (limiting a magistrate judge from conducting a jury trial without consent of the parties and a designation of jurisdiction by the district court). If such dispositive matters as injunctive relief and suppression of evidence cannot be decided by a magistrate judge because of specific statutory limitations, it follows that a constitutionality finding would be prohibited.

[8] 18 U.S.C. § 3142(c)(1)(B).

Amendment right to procedural due process because she found that the conditions were to be imposed without an opportunity for the defendant to be heard and without a finding that those conditions were the least restrictive means necessary to ensure the defendant's appearance and community safety. She also stated that the constitutionally protected liberty interest at stake was a defendant's right to freedom of movement among locations or his right to travel. Judge Birzer noted that she limited her holding to finding the statute unconstitutional as applied rather than finding the statute facially unconstitutional.[9]

The Fifth Amendment provides that "[n]o person shall be . . . deprived of life, liberty or property, without due process of law."[10] It protects individuals from two types of government action.[11] Substantive due process "prevents the government from engaging in conduct that shocks the conscience . . . or interferes with rights implicit in the concept of ordered liberty."[12] Procedural due process insures that "government action depriving a person of life, liberty or property . . . [is] implemented in a fair manner."[13]

In looking at a procedural due process challenge, the Court considers two questions. First, the Court must determine "whether there exists a liberty or property interest which has been interfered with by the State."[14] Next, the Court considers "whether the procedures attendant upon

---

[9] The Court will discuss this distinction later in this Order.

[10] U.S. Const. amend. V.

[11] *United States v. Salerno*, 481 U.S. 739, 746 (1987).

[12] *Id.* (internal quotation marks and citations omitted).

[13] *Id.* (citing *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976)).

[14] *Kentucky Dep't of Corrs. v. Thompson*, 490 U.S. 454, 460 (1989) (citation omitted).

that deprivation were constitutionally sufficient."[15]  "Protected liberty interests 'may arise from two sources-the Due Process Clause itself and the laws of the States.' "[16]

As noted above, Judge Birzer found that the imposition of electronic monitoring and curfew affected the fundamental liberty interest of the right to travel.  Electronic monitoring, however, does not curtail an individual's right to travel.  It simply monitors (electronically) an individual's travel.  With regard to a curfew, the imposition of one would create a restriction with regard to the timing of travel, but it still is not necessarily a restriction on travel.[17]  Thus, the conditions of electronic monitoring and curfew do not affect a fundamental liberty interest to travel.

In addition, an important consideration as to these factors is that the conditions are only imposed on individuals who are under arrest for allegedly committing certain types of crimes.  These conditions are not imposed on the public at large.  Rather, they are imposed on specific individuals whom are accused of committing certain crimes on minors.  The imposition of certain conditions is oftentimes necessary.  As the United States Supreme Court stated, pretrial conditions generally do not amount to punishment but instead are regulatory solutions.[18]  Specifically, the Supreme Court found that detention in some cases does not amount to punishment and thus is not an infringement on an individual's fundamental liberty interest.[19]  Surely release with limited

---

[15] *Id.* (citation omitted).

[16] *Id.* (quoting *Hewitt v. Helms*, 459 U.S. 460, 466 (1983)).

[17] Judge Birzer imposed some travel restrictions by prohibiting Defendant from leaving the District of Kansas or Western District of Oklahoma without prior approval. She found electronic monitoring and a curfew much more infringing upon Defendant's liberty.

[18] *Salerno*, 481 U.S. at 746-47.

[19] *Id.* at 747.

conditions of curfew and electronic monitoring would not infringe on an individual's fundamental liberty interest if detention does not.

Furthermore, the Supreme Court has "repeatedly held that the Government's regulatory interest in community safety can, in appropriate circumstances, outweigh an individual's liberty interest."[20] Here, "the government's interest in preventing crime by arrestees is both legitimate and compelling."[21] The statutory provision at issue is tailored to certain individuals who are accused of certain crimes.[22] Congress has decided that certain conditions, such as electronic monitoring and curfew, "are minimal conditions to be imposed on defendants accused of certain crimes involving children."[23] Thus, there is not a sufficiently identified protected fundamental liberty interest at stake.

To the extent, however, that Defendant does have a liberty interest interfered with by the state, there are (and were) constitutionally sufficient procedures in place. Section 3142(c)(1)(B) requires that the judicial officer determine that a defendant's release is "subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community." Although § 3142 requires mandatory conditions for persons charged with certain crimes, these conditions do not take away an individualized

---

[20] *Id.* at 748.

[21] *Id.* at 749 (citation omitted).

[22] *See* 18 U.S.C. § 3142(c)(1)(B).

[23] *United States v. Stephens*, 594 F.3d 1033, 1041 (8th Cir. 2010) (Smith, concurring).

determination in each case before the magistrate judge. It simply places some restrictions on the amount of discretion the magistrate judge has.[24] As noted by one court,

> The Bail Reform Act is still an outline a judicial officer follows when determining the conditions of pretrial release, giving the officer discretion constrained by the requirement that the accused be released pending trial subject to the least restrictive appropriate conditions. The Act is not rendered unconstitutional because Congress deemed it appropriate to direct a judicial officer's attention to specific conditions when determining prerelease conditions in certain cases.[25]

In addition, the imposition of electronic monitoring and curfew conditions can be tailored to the individual defendant. As the Eighth Circuit Court of Appeals held when finding this specific provision constitutional,

> Section 216 [§ 3142(c)(1)(B)] does not deprive child pornography defendants of a detention hearing or an individualized determination whether detention or release is appropriate. As relevant here, the only effect of § 216 is to require *a* curfew and *some* electronic monitoring. The defendant remains entitled to a detention hearing and a large number of individualized determinations— including an individualized determination as to the extent of any mandatory conditions of release.[26]

Here, Judge Birzer conducted Defendant's initial appearance and arraignment. At the time, she had the benefit of the Pretrial Services Report and Recommendations. Defendant was present and was represented by counsel at the hearing. This procedure is typically followed in every criminal case in this district. Judge Birzer followed the § 3142(c) procedures

---

[24] As noted above, it is well within Congress's authority to impose additional conditions on certain crimes that they deem necessary.

[25] *United States v. Cossey*, 637 F. Supp. 2d 881, 891 (D. Mont. 2009); *see also United States v. Frederick*, 2010 WL 2179102, *8 (D.S.D. 2010) (finding that the defendant's facial due process challenge was easily disposed of because there were defendants for whom electronic monitoring and curfew were appropriate and noting a judicial officer has discretion in setting the conditions).

[26] *Stephens*, 594 F.3d at 1039.

and provided Defendant with an individualized determination. Indeed, Judge Birzer raised the issue of mandatory conditions. Defendant's counsel did not raise any issue with the recommended mandatory conditions, and it appeared that Defendant would have abided by the mandatory conditions without issue. As applied in this case, Defendant *did* have the opportunity to be heard regarding the conditions and was allowed an independent judicial determination. Thus, there were (and are) procedural due process protections for Defendant.

There are two final issues to address as to the constitutionality of the statute. A facial challenge looks to the application of the statute to all parties.[27] "[A]n as-applied challenge tests the application of [the] restriction to the facts of a plaintiff's concrete case."[28]

The Court notes that Judge Birzer stated that she only held the statute unconstitutional as applied to this Defendant. The language in the order, however, makes it appear that she considered it facially unconstitutional. First, she stated that the mandatory imposition of electronic monitoring and curfew conditions violated a defendant's Fifth Amendment right to procedural due process because the conditions were based solely on the crime charged and applied without an opportunity to be heard regarding the imposition of the conditions and an independent judicial determination regarding those conditions. In addition, most of the issues that she stated with the statute concerned the wholesale application of the mandatory conditions to Defendants accused of certain crimes without the opportunity to address them. Thus, although Judge Birzer stated that she was only making an as-applied finding of

---

[27] *iMatter Utah v. Njord*, 774 F.3d 1258, 1264 (10th Cir. 2014) (citation omitted).

[28] *Id.*

constitutionality, her analysis and conclusion appeared to be more akin to a finding of facial unconstitutionality.[29]

Finally, Judge Birzer noted that the Adam Walsh Amendments should not be construed in such a way to abandon the principles of the Bail Reform Act of 1984. The Adam Walsh Amendments are not abandoning the principles of the Bail Reform Act. Instead, they supplement them and designate certain crimes for which mandatory conditions of release are required. Because the Adam Walsh Amendments were enacted after the Bail Reform Act and enacted with the purpose of amending the Bail Reform Act, courts must construe them in harmony.[30] "[T]he meaning of one statute may be affected by other Acts, particularly where Congress has spoken subsequently and more specifically to the topic at hand."[31] Furthermore, the Court cannot substitute its opinion for that of a congressional directive. Here, Congress determined that mandatory conditions were necessary and required for certain defendants accused of certain crimes. This requirement does not deprive a defendant of procedural due process. Instead, it simply directs the court to certain mandatory conditions that must be fashioned in the least restrictive manner. Thus, courts can (and should) construe the Adam Walsh Amendments to the Bail Reform Act to work in harmony with each other.

Based on the above reasons, the Court concludes that Judge Birzer's determination that the statute is unconstitutional is clearly erroneous. Accordingly, the Court reverses this determination.

---

[29] This Court previously held that this statute was not facially unconstitutional. *United States v. Rogers*, 2019 WL 2513348 (D. Kan. 2019).

[30] The Bail Reform Act of 1984 was enacted almost twenty years prior to the 2006 Adam Walsh Amendments.

[31] *Food & Drug Admin. v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133 (2000).

C.  **Conditions**

Because Defendant should be present with his counsel when the Court imposes conditions relevant to Defendant's release, the Court remands this matter to Judge Birzer to conduct an additional pretrial release and detention hearing. Conditions should be imposed in accordance with this Order and 18 U.S.C. § 3142(c).

**IT IS THEREFORE ORDERED** that the government's Appeal of Magistrate Judge Ruling (Doc. 20) is hereby **GRANTED**. The magistrate judge's decision is **REVERSED**. This case is remanded back to Judge Birzer to conduct a detention hearing and impose conditions consistent with this Order and 18 U.S.C. § 3142(c).

**IT IS SO ORDERED**.

Dated this 20th day of August, 2019.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE