IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff,* vs. LARRY WAYNE BLASER *Defendant.* | Case No. 19-10075-EFM |

**MEMORANDUM AND ORDER**

This matter comes before the Court on pro se Defendant Larry Wayne Blaser's Motion to Reduce Sentence (Doc. 86). He contends that he is entitled to a sentence reduction due to recent amendments to the United States Sentencing Guidelines. The government opposes Defendant's motion. For the reasons stated in more detail below, the Court dismisses Defendant's motion.

On July 17, 2020, Defendant pleaded guilty to transportation of child pornography, in violation of 18 U.S.C. § 2252A(a)(1). According to Defendant's Presentence Investigation Report, he had a criminal history score of 0 and a criminal history category of I. Based upon his total offense level of 30 and criminal history category of I, his sentencing guideline range was calculated at 97-121 months. On May 28, 2021, the Court sentenced Defendant to 87 months' imprisonment. On January 22, 2024, Defendant filed this motion seeking a reduction in his sentence.

Defendant states that his sentence should be reduced because he is eligible for a two-point reduction under Part A of Amendment 821 of the revised sentencing guidelines. Pursuant to 18 U.S.C. § 3582(c)(2), a defendant may file his own motion for a sentence reduction provided certain factors are met.[1] Specifically, § 3582(c)(2) allows a court to reduce a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)" and after considering § 3553(a) factors so long as the reduction "is consistent with applicable policy statements."[2]

Effective November 1, 2023, the Sentencing Commission amended the United States Sentencing Guidelines.[3] Part A of Amendment 821 limits the criminal history impact of "status points," and subpart 1 of Part B of Amendment 821 creates a new guideline, § 4C1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders."[4]

Defendant is indeed a zero-point offender, but he is still not entitled to relief. Pursuant to § 4C1.1, an adjustment for certain zero-point offenders is only warranted if all the criteria are met.[5] One of the requirements is that "the instant offense of conviction is not a sex offense."[6] Defendant was convicted of a sex offense—transportation of child pornography, in violation of 18 U.S.C.

---

[1] 18 U.S.C. § 3582(c)(2).

[2] *Id.*

[3] *See* 88 Fed. Reg. 28,254, 2023 WL 3199918 (May 3, 2023).

[4] *See* https://www.ussc.gov/guidelines/amendment/821 (last visited April 2, 2024); *see also* U.S.S.G. § 4A1.1; § 4C1.1.

[5] *See* U.S.S.G. § 4C1.1(a)(1)-(10) (stating that if the defendant meets *all* ten requirements, the defendant's offense level will be decreased by two levels).

[6] U.S.S.G. § 4C1.1(a)(5).

§ 2252A(a)(1).[7]  Thus, Defendant is ineligible for a sentence reduction.  Accordingly, the Court dismisses Defendant's motion.[8]

**IT IS THEREFORE ORDERED** that Defendant's Motion to Reduce (Doc. 86) is **DISMISSED**.

**IT IS SO ORDERED**.

Dated this 4th day of April, 2024.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[7] *See* U.S.S.G. § 4C1.1(b)(2) ("'Sex offense' means (A) an offense, perpetrated against a minor, under . . . (ii) chapter 110 of title 18 [United States Code].").

[8] *See United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014) (stating that a district court should dismiss for lack of jurisdiction if a defendant is ineligible for a sentence reduction under § 3582(c)(2)).